REIBER, Appellant, vs. RATHBONE, SARD COMPANY, Respondent.

*March 8—April 3, 1923.*

*Master and servant: Discharge: Request for resignation: Compliance by servant: Effect: Appeal: Failure to except to findings of fact.*

1. A letter by an employer to its sales agent, asking for his resignation to take effect on a stated date, justifies a finding that he was not discharged but voluntarily terminated his employment, in view of the fact that he treated the letter as a request to resign with which he complied.
2. Where there are no exceptions to the findings of fact by the court, there can be no review of the evidence on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action on breach of contract.

For the appellant there was a brief by *Robert A. Hess,* attorney, and *Joseph Eder,* of counsel, both of Milwaukee, and oral argument by *Mr. Eder.*

For the respondent there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *John L. Newman,* all of Milwaukee.

CROWNHART, J.   The plaintiff and defendant entered into an agreement on the 2d of January, 1920, for one year,

whereby the plaintiff was to act as the agent of the defendant in certain territory in the sale of stoves.

On the 6th of April, 1920, the defendant wrote to the plaintiff as follows:

"We have been very much disappointed in your attitude toward the rewriting of the orders which you took from your customers last fall. It would seem that you have not made a real effort to co-operate with us in this work and it has badly handicapped us at a time when we needed the whole-hearted loyalty and co-operation of every member of the house.

"Further, we understand that you are not giving *Rathbone, Sard & Company* 100 per cent. of your time and services, but that on the contrary you are carrying one or more side lines, which, as you know, is contrary to the company's policy.

"These matters have been discussed very thoroughly at a meeting of the executive sales committee, and in view of the above facts it has been decided to ask for your resignation to take effect on May 1st. We regret very much the necessity for this action, but in view of the fact that you are not in sympathy with the company's policies we are forced to adopt it.

"I shall appreciate it if you will kindly send in your outfit and your expense reports up to April 10th, and we will arrange for a settlement with you as soon as they have been received."

To this letter the plaintiff replied on April 10th as follows:

"As per your instructions, I am enclosing my expense account up to April 10th, and have left my outfit with Mr. Hutchinson at Chicago office.

"In addition to this have turned over to him all prospects, as well as matter of importance pending for his disposal, and have assured him of my willingness to assist, or give him any further information desired.

"The accusation you have made against me in no way compares with the facts, and regret that you show no disposition to hear my side of the story.

"If *Rathbone, Sard & Company* treat me fairly in matter of settlement and do this promptly, I assure you that I will hold no ill feeling towards the organization."

The case was tried before the court without a jury. The court found, among other things, that the plaintiff rendered services to the defendant to the best of his ability, under his contract; that the plaintiff did not breach his contract, and there was no ground for his discharge on April 6, 1920; that the defendant did not discharge the plaintiff by its letter of April 6, 1920, but merely requested his resignation, and the plaintiff voluntarily terminated his employment and turned over his outfit and all prospects and pending matters of importance to the defendant and rendered his expense account up to that date; that the plaintiff had been paid his salary up to May 1, 1920, and all other sums due him, except the sum of $5.25, for which he gave him judgment, including costs.

The plaintiff appeals, and claims that the court erred in finding that the plaintiff was not discharged by defendant's letter of April 6th, and that he voluntarily terminated his employment by his letter of April 10, 1920. There are no exceptions to the findings of fact by the court, and under a familiar rule of this court there can be no review of the evidence. However, we may say in passing that the evidence is not seriously in dispute, and a fair and reasonable construction thereof sustains the finding of the court. It appears that the plaintiff construed the defendant's letter of April 6th as a request that he resign, with which he complied, adding the suggestion that if the defendant treated him fairly there would be no ill feeling. That suggestion we think must have referred to a settlement of his commissions on sales which he had earned in addition to his salary. He made no claim that he had been discharged contrary to his contract right. In his testimony on the trial plaintiff treated the letter of defendant as a request for his resignation instead of a discharge. He accepted his salary up to May 1st without claim of additional salary until June 11th. We think the plaintiff considered defendant's letter as a request for his resignation rather than a discharge. The letter, it is true,

was somewhat peremptory in tone, and if plaintiff had been misled into treating it as a discharge, we are not prepared to say that it might not have been so construed. But under the circumstances in this case we think the trial court was justified in his findings of fact.

*By the Court.*—The judgment of the circuit court is affirmed.